GOODE AND OTHERS, Appellants, v. GOODE AND OTHERS, Respondents.

1. A court of equity has no jurisdiction to reform a will on the ground of mistake by the draughtsman in drawing the same.

Goode v. Goode.

*Appeal from Franklin Circuit Court.*

Petition to the Franklin Circuit Court praying for the reformation of a will. The petition is as follows : " Plaintiffs state that John Goode, late of the county of Franklin, departed this life on or about the 18th day of April last, leaving a writing purporting to be his last will and testament, bearing date July 12, 1854, with a codicil thereto annexed bearing date April 16, 1855, which writing was admitted to probate on or about the 27th day of April, 1855, and upon which letters testamentary were granted on the day last aforesaid to Edward J. Goode and Flavius J. North, who were by said writing appointed his executors ; the original of which writing is herewith exhibited. Plaintiffs state that that portion of said writing, a copy of which is given below, is not and was not at time of the execution of said writing the last will and testament of the said John Goode, but the same was inserted in said writing by a mistake of the draughtsman, and escaped the notice of the said testator at the time it was read over to him and signed and acknowledged by him. The portion of said writing which is not the will of the said John Goode is as follows : 'The purchase money of which [that is, of mill farm and tract and mill] (with the exception hereafter made) my said executors shall distribute equally to my sons Langston and Nathaniel, and my daughters Frances, Virginia and Margaret, share and share alike.'

" Plaintiffs aver that the names of Langston and Nathaniel, and Frances, Virginia and Margaret, were inserted in said clause, above set out, by mistake, and at the time of the execution of said writing he thought and believed, and to the time of his death he thought and believed he had devised said purchase (excepting the $2500) to all his children, share and share alike, the children of a deceased child taking the share of their parent ; that said will, as it stands in connexion with the codicil, is ambiguous, uncertain and contradictory as to said clause, and the same can not receive a sensible construction, if the clause above set out be not reformed. Plaintiffs pray that the

probate of said writing, as to the part set forth, may be set aside, and said writing so corrected and reformed as to become the true last will and testament of the said John Goode, and that the same, as reformed and corrected, be admitted to probate, and for such other and further relief as the facts of the case shall warrant."

The whole passage, from which above extract is taken, is as follows : " It is my will, and I authorize and empower my executors, to sell and convey in fee simple, to the best purchaser, my mill farm and tract and mill, situate on the Bourbeuse river, *the purchase money of which (with the exception hereafter made) my said executors shall distribute equally to my sons Langston and Nathaniel, and to my daughters Frances, Virginia and Margaret, share and share alike.* And twenty-five hundred dollars of the said purchase money ($2500) shall be held in trust by said executors for my sons Langston and Nathaniel, and my daughters Frances, Virginia and Margaret, and the same shall be by my executors loaned ; and the interest upon the said sum, to-wit, $2500, shall be collected annually and paid over to my daughter Agnes Gregory, and to John J. Goode, as maintenance during their lives ; and at their death the said $2500 shall be distributed to my sons Langston, Nathaniel and John J. Goode, and to my daughters Frances, Virginia and Margaret, share and share alike." "After all the bequests are paid and satisfied, the residue and remainder of my estate I wish distributed among all my children, share and share alike."

The petition was demurred to by the defendants ; the demurrer was overruled, and judgment given for defendant ; defendant appealed to this court.

*T. Polk, Frissell* and *C. Jones*, for appellants. 1. For the purposes of this case it stands admitted by the record that the mistake set out in the petition was in point of fact made, and in the manner there stated. Now one of the grand branches of equity jurisdiction is mistake. (1 Story's Eq. § 110, *et seq.*) 2. A mistake in the name of a devisee may be correct-

ed. (Beaumont v. Fell, 2 P. Will. 140; Dowset v. Sweet, 1 Ambler, 175; Parsons v. Parsons, 1 Ves. jr., 266; Smith v. Coney, 6 Vesey, 42.) 3. So, a mistake in the number of the devisees may be corrected. (Stebbing v. Walkey, 2 Bro. Ch. 85; 2 Vesey, 560; Tomkins v. F., cited 3 Atk. 257; Hampshire v. Pierce, 2 Vesey, sr., 216.) 4. So a mistake in the thing willed may be rectified by a court of equity. (Selwood v. Mildway, 3 Vesey, 306; Riggs v. Myers, 20 Mo. 239.) 5. The court below should have held that so much of the writing as is a mistake, and was inserted in the testator's will by the draughtsman, through mistake, was not a part of his will, and should not have sustained the demurrer. (Hippesley v. Horner, in note to Turner & Rus. 48, 11 Eng. Chan. R. 28.) And by declaring the portion of the writing, inserted in the will by mistake, not to be a part of the testator's will, the intention of the testator, as shown by the petition, and as is admitted by the demurrer, would have been completely carried into effect. For, by a subsequent clause in the will, all his children, share and share alike, are made residuary legatees; and the clause that was inserted in his will by mistake gives the purchase money of the mill tract, farm and mill (which he willed to be sold) to a part of his children, Langston, Nathaniel, Frances, Virginia and Margaret, instead of to *all* of his children, share and share alike, as it was the intention of the testator it should have been. 6. The will, as it stands in connection with the codicil, is contradictory and in conflict with the codicil, and said will and codicil can not have a sensible construction together, unless the portion of the will inserted by mistake be held to be no part of the testator's will. 7. It is admitted by the record that said will, as it stands in connection with the codicil, is ambiguous and uncertain, and contradictory as to said clause, and the same can not receive a sensible construction if the clause set forth in the petition be not reformed. (See Wigram on Wills, 170, 172; Jarman on Wills, 160, 318; 20 Mo. 239; Ram on Wills, 272; Flood v. Hawser, 1 Nott & McC. 321; 1 Sto. Eq. 179, 183; 2 Verm. 517; 6 Term R. 671;

1 P. Wm's, 421 ; 2 P. Wm's 209 ; 2 Vern. 593 ; 1 Bro. Ch. 223 ; 6 Ves. 385 ; 1 Williams on Exec'rs, 299.)

*Stevenson* and *Johnson*, cited Williams on Executors, 299 ; 1 Jarm. on Wills, 347, note ; 2 Rop. on Leg. 320–2 ; R. C. 1835, statute of wills, § 4.

RYLAND, Judge, delivered the opinion of the court.

Some time in April, 1855, John Goode died in Franklin county, having previously made his last will, with a codicil thereto. This will and codicil were admitted to probate about the last of April, 1855 ; and this petition is brought by some of the legatees of said John Goode to reform the will, so as to make it correspond with the alleged intention of the testator.

To this petition a demurrer was filed, which was sustained by the court below, judgment rendered thereon for defendants, and the plaintiffs bring the case here by appeal.

This action is substantially a proceeding to correct a mistake in a will, and we hesitate not to declare that such a proceeding can not be allowed or sustained ; and, consequently, that the Circuit Court decided the case properly, and its judgment must be affirmed.

Adams, in his treatise on Equity, p. 172, says.: " A will can not be corrected by evidence of mistake, so as to supply a cause or word inadvertently omitted by the drawer or copyer ; for there can be no will without the statutory forms, and the disappointed intention has not those forms. But it seems that if a clause be inadvertently introduced, there may be an issue to try whether it is part of the testator's will." Jarman says : " Evidence is not admissible to supply any clause or word which may have been inadvertently omitted by the person drawing or copying the will." (1 Jarman on Wills, 353.) In Mann *et al.* against the executors of Mann *et al.* (1 Johns. Ch. Rep. 231,) Chancellor Kent says : " It is a well settled rule that seems not to stand in need of much proof or illustration, for it runs through all the books, from Cheny's case (5 Coke, 68)

down to this day, that parol evidence can not be admitted to supply or contradict, enlarge or vary, the words of a will, nor to explain the intention of the testator, except in two specific cases : 1st, where there is a latent ambiguity arising *dehors* the will, as to the person or subject meant to be described ; and, 2d, to rebut a resulting trust : all the cases profess to proceed on one or the other of those grounds." After citing a list of authorities on the doctrine, he proceeds : " If there be a mistake in the name of the legatee, or there be two legatees of the same name ; or if the testator bequeath a particular chattel, and there be two or more of the same description ; or if, from any other misdescription of the estate or of the person, there arises a latent ambiguity, it may and must be explained by parol proof, or the will would fall to the ground for uncertainty. When a latent ambiguity is produced, according to the language of the courts, (Lord Thurlow, in 1 Ves. jr., 259, 261, 415, and Lord Kenyon, in 7 Term Rep. 148,) in the only way in which it can be produced, viz., by parol proof, it must be dissolved in the same way ; and there is no case for admitting parol evidence to show the intention upon a latent ambiguity on the face of the will. They are all cases of latent ambiguity, and the objection to supply the imperfection of a written will, by the testimony of witnesses, is founded on the soundest principles of law and policy. ' It would be full of great inconvenience,' say the justices in Cheny's case, ' that none should know by the written words of a will what construction to make or advice to give, but that it should be controlled by collateral averments out of the will ;' and if collateral averments be admitted, to use the words of Sir Mathew Hale, in Fry and wife v. Porter, (1 Mode, 310,) ' how can there be any certainty ? A will may be any thing, every thing or nothing. The statute appointed the will to be in writing, to make a certainty ; and shall we admit collateral averments and proofs, and make it utterly uncertain ?' "

Chancellor Kent says : " Perhaps a solitary *dictum* may occasionally be met with (for there are volumes of cases on the

subject of wills, *immensus aliarum super alias cumulus*) in favor of the admission of parol proof to explain an ambiguity or uncertainty appearing on the face of a will ; though Lord Thurlow says there is no such case.   If there be, we may venture to say it is no authority ; the only apology for personal proof in any case is the necessity of the thing, because the ambiguity is so complete as to elude all interpretation, and would destroy the devise altogether unless explained."   Andress v. Weller, 2 Green's Ch. Rep. 604, supports the same doctrine.

Judge Story, in his equity jurisdiction, (1 Sto. Eq. § 179,) says :  " In regard to mistakes in wills, there is no doubt that courts of equity have jurisdiction to correct them when apparent on the face of the will, or are to be made out by construction of its terms ; for, in cases of wills, the intention will prevail.   But, then, the mistake must be apparent on the face of the will, otherwise there can be no relief ; for, at least, since the statute of frauds, which requires wills to be in writing, (whatever may have been the case before the statute,) parol evidence, or evidence *dehors* the will, is not admissible to vary or control the terms of the will, although it is admissible to remove a latent ambiguity."

Parol evidence of the intention of the testator is inadmissible to vary the express terms of a will.   (Avery *et ux* v. Chappel, 6 Connec. 270 ; Earl of Newburgh v. Countess Dowager of Newburgh, 5 Maddox Ch. R. 364.)

Apply the universally admitted doctrine of courts of equity to this case now before us, about reforming wills or correcting mistakes in wills, and there will remain no doubt of the correctness of the decision of the court below.

Here, the parties (plaintiffs) seek to change a sentence or paragraph of the will of the testator, by adding the names of other legatees, so as to alter materially the bequests,—indeed, seek to cut out one paragraph in effect and set up a new one. Admit this doctrine, and you may as well repeal the statute requiring wills to be in writing, at once.   Witnesses will then make wills and not testators.

Upon the full examination of this case, and the law arising on it, there can be no doubt of the correctness of the judgment of the court below, and it is affirmed by all the judges.