## NINA BERTELMANN, CHRIS K. MOSSMAN, A MINOR, AND ANGELINE K. HOGAN *v.* JOSEPH K. COCKETT AND HELEN M. COCKETT.

## No. 1051.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
### HON. C. W. ASHFORD, JUDGE.

ARGUED MARCH 22, 1918.                    DECIDED APRIL 10, 1918.

### COKE, C. J., QUARLES AND KEMP, JJ.

EQUITY—*mistake—jurisdiction.*

A court of equity has jurisdiction to correct mistakes in a trust deed testamentary in character when the mistake is apparent on the face of the instrument or may be made out by a due construction of its terms.

SAME—*voluntary trust deeds testamentary in character—rule govern-ing courts in correcting mistake.*

The instrument which the court is asked to correct and construe being voluntary and testamentary in character the law applicable to wills in like cases applies here.

SAME—*same—bill held not to be sufficient to show mistake.*

No mistake being apparent on the face of the instrument and none that can be made out by a due construction of its terms the bill does not state a case for relief in equity on the ground of mistake.

### OPINION OF THE COURT BY KEMP, J.

This is an interlocutory appeal by the defendants from an order overruling their demurrer to plaintiff's bill.

The complaint was filed by the plaintiff Nina Bertelmann naming as defendants the present defendants and the other two who now appear as plaintiffs.

The facts as set forth in the bill are substantially as

follows: That the plaintiff Nina Bertelmann is twenty-two years of age, unmarried and without issue and is the "hanai" or adopted daughter of Susan C. Bertelmann. That Chris K. Mossman is twelve years of age and a grandson of said Susan C. Bertelmann. That Angeline K. Hogan is thirty-six years of age and a daughter of said Susan C. Bertelmann. That the defendant Helen M. Cockett is the daughter of said Susan C. Bertelmann and the wife of the defendant Joseph K. Cockett. That on the 3d day of January, 1912, the said Susan C. Bertelmann made, executed and delivered to the defendant Joseph K. Cockett a trust deed to certain lands then owned by her, a copy of said trust deed being attached to the complaint as an exhibit and made a part thereof, and that on said date said defendant Joseph K. Cockett accepted the trust created by said trust deed and consented to act as trustee thereunder. That on the 2d day of September, 1915, said Susan C. Bertelmann died. That on the 1st day of March, 1916, the defendant Joseph K. Cockett, without the knowledge or consent of the plaintiff and in violation of the duties of said trustee under said trust deed, with the intent to deprive plaintiff of her rights thereunder, made, executed and delivered to the defendant Helen M. Cockett, his wife, a deed of all the lands described in said trust deed. That plaintiff is informed and verily believes, and upon information and belief states that paragraph III of said trust deed referred to was inserted in said trust deed by mistake and that all provisions in said trust deed purporting to give to Helen M. Cockett any rights in the property mentioned in said trust deed were inserted therein through mistake and all provisions in said trust deed purporting to give to any one other than plaintiff, Chris K. Mossman and Angeline K. Hogan rights under said deed were

inserted through mistake and are contrary to and do not express the true intent of said Susan C. Bertelmann when she executed said trust deed as shown by the terms thereof and the surrounding circumstances; and said Susan C. Bertelmann did not fully understand the purport and effect of said trust deed in all its provisions and details when she executed the same but as to the exact circumstances under which said mistake was made and said paragraph III of said trust deed was inserted and how the provisions purporting to give others than the plaintiff, Chris K. Mossman and Angeline K. Hogan rights and interests were inserted in said trust deed plaintiff is ignorant. That the defendant Helen M. Cockett has instituted a suit against plaintiff Nina Bertelmann in the first circuit court to quiet title to the land mentioned in said trust deed, which suit is now pending in said court.

The trust deed in question, a copy of which is attached to the complaint, conveys the land to Joseph K. Cockett forever, on the following trusts, to wit:

1. To permit the grantor during her lifetime to use and occupy the same, and to take all the rents, issues and profits thereof, said grantor paying all taxes, assessments, the mortgage on said land to Allen & Robinson and other charges to which the same may become liable.

2. (a) To execute and deliver a good and sufficient deed after the death of the grantor to one Nina Bertelmann, the "hanai" or adopted daughter of grantor, the "Ewa" or "Moanalua" half of said premises, immediately upon and after the said Nina Bertelmann shall have issue; but in case said Nina Bertelmann shall die without issue, then the said trustee shall convey in fee simple said half of said land to one Chris K. Mossman, hereinafter mentioned, or to his heirs; provided, however, that

the said mortgage on said land is paid, that is to say: that if said mortgage is not paid before the death of said grantor, then the said trustee shall properly and sufficiently convey the said land to one Helen M. Cockett, a daughter of said grantor as hereunder set out in paragraph No. "3" hereof. (b) To execute and deliver a good and sufficient deed after the death of the grantor to said Chris K. Mossman, the grandson of said grantor, the "Waikiki" or "city" half of said premises, after said Chris K. Mossman shall have reached and is 25 years old; but in case said Chris K. Mossman shall die without issue before reaching his 25th birthday, then the said trustee shall convey in fee simple the said half of said land to said Nina Bertelmann upon and after the said Nina Bertelmann shall have issue; provided, however, that the said mortgage on said land is paid, that is to say: that if said mortgage is not paid before the death of said grantor, then the said trustee shall properly and sufficiently convey said land to one Helen M. Cockett, a daughter of said grantor, as hereunder set out in paragraph No. "3" hereof. (c) But in case said Nina Bertelmann shall die without issue and said Chris K. Mossman shall die without reaching his 25th birthday or without issue, then the said trustee shall execute and deliver a good and sufficient deed in fee simple forever the whole of said land to the heirs at law of the said Chris K. Mossman, provided, however, that the said mortgage on said land is paid, that is to say: that if said mortgage is not paid before the death of said grantor, then the said trustee shall properly and sufficiently convey said land to one Helen M. Cockett, a daughter of said grantor as hereunder set out in paragraph "3" hereof.

3. To execute and deliver a good and sufficient deed upon the failure of the said grantor to pay the said

"Allen & Robinson" mortgage, after the death of said grantor, to said Helen M. Cockett or to her heirs, the whole of said land.

The remaining provisions of the trust deed are not material to the discussion.

Plaintiff's prayer is that the lands be adjudged and decreed to be impressed with a presumptive, resulting trust in favor of plaintiff, Chris K. Mossman and Angeline K. Hogan, and that Helen M. Cockett be adjudged and decreed to hold said lands upon such trust in favor of said plaintiff as *cestui que trust*. That said trust deed be construed and the rights of plaintiff and all parties determined and that all parts of said trust deed inserted therein through mistake be stricken therefrom and the same reformed so as to express the true intent of said Susan C. Bertelmann. That the deed from Joseph K. Cockett to Helen M. Cockett be ordered, adjudged and decreed to be delivered up and the same canceled. That Helen M. Cockett be enjoined from prosecuting any further her action to quiet title against Nina Bertelmann until the final termination of this proceeding and from disposing of by deed or otherwise, the said lands or any part thereof until a final termination of this proceeding, and for such other and further relief as may seem equitable and just.

To the foregoing complaint the defendants Joseph K. Cockett and Helen M. Cockett demurred upon the following grounds:

"1. That said complaint does not set forth facts sufficient to constitute a cause of action and or to entitle the complainant to the relief therein prayed for nor to any relief.

"2. That said complaint is without equity.

"3. That it appears from said complaint that complainant as well as the grantor from whom she claims title have

been guilty of gross and inexcusable laches in presenting the case, and that complainant is now barred from so doing by said laches.

"4.    That it does not appear from said complaint that the deed of trust therein mentioned was not the free and voluntary act of complainant's grantor Susan C. Bertelmann, executed with sufficient motives and on sufficient consideration.

"5.    That said complaint shows that complainant has no right title or interest in the real estate in question.

"6.    That said complaint is ambiguous, unintelligible and uncertain in that (a) a conclusion merely is pleaded as to the alleged mistake in executing said trust deed, and no facts are alleged nor any circumstances from which mistake can be inferred; (b) the complaint shows that complainant is ignorant as to the facts and circumstances surrounding the execution of said trust deed, and is ignorant of any facts and circumstances showing mistake on the part of said grantor, Susan C. Bertelmann, in the execution and delivery of said trust deed; (c) the allegations in said complaint are argumentative and not positive and do not set forth facts showing that said grantor did not make the provisions which she desired and intended to make for said complainant as well as for the other beneficiaries mentioned in said deed."

After issue was joined on the demurrer, by stipulation of the parties approved by the court, the defendants Chris K. Mossman and Angeline K. Hogan were joined with Nina Bertelmann as plaintiffs and the case considered at issue between said parties on demurrer.

The demurrer was overruled and the defendants (with leave of court) appealed to this court.

This action is substantially a proceeding to construe a trust deed voluntarily made and testamentary in character and to correct an alleged mistake therein. The instrument which the court is asked to correct and construe being voluntary and testamentary in character

we think the law applicable to wills in like cases applies here (40 Cyc. 1756; *Chater* v. *Carter,* 22 Haw. 34; *Simerson* v. *Simerson,* 20 Haw. 57; *Nahaolelua* v. *Heen,* 20 Haw. 372).

There is no allegation or intimation that the execution of the instrument in question was procured or induced by fraud or undue influence, the plaintiffs relying solely on their contention that certain of the provisions of said instrument were inserted by mistake and insist that said provisions so inserted by mistake be stricken out and the remaining provisions of the instrument be permitted to stand.

It will be seen from an examination of the trust instrument that the grantor's wish as expressed therein was, (1) That she be permitted to use and occupy the land during her lifetime, she to pay all taxes, charges and the Allen & Robinson mortgage. (2) If she died leaving the said mortgage unpaid, the trustee to convey the land to Helen M. Cockett defendant herein. (3) If, before her death, she paid the Allen & Robinson mortgage the trustee to convey the land to said Nina Bertelmann and Chris K. Mossman upon their performing the conditions precedent therein imposed, which have neither been performed nor become impossible of performance.

A court of equity has jurisdiction to correct mistakes in a will when the mistake is apparent on the face of the will or may be made out by a due construction of its terms. But the mistake must be apparent on the face of the will, otherwise there can be no relief, for parol evidence, or evidence *dehors* the will is not admissible to contradict, vary or control the words of the will, although it is in certain cases admissible to explain the meaning of the words which the testator has used (Kerr on Fraud and Mistake 448; *Hunt* v. *White,* 24 Tex. 643-653; *Goode* v. *Goode,* 22 Mo. 518).

"But it seems that if a clause be inadvertently intro-
duced there may be an issue to try whether it is a part of
the testator's will" (Adams on Equity 172; *Goode* v.
*Goode, supra*).

"The power of a court of chancery to grant relief in case
of mistake in written instruments, does not go to the ex-
tent of adding to or changing the nature and legal import
of the writing. That would be to contravene the rule which
obtains as well in courts of chancery as in courts of law,
that parol contemporaneous evidence is inadmissible, to
contradict or vary the terms of a valid written instrument.
The case of wills does not constitute an exception to the ap-
plication of this rule" (*Hunt* v. *White, supra*).

Extrinsic evidence of intention as an independent fact
is inadmissible for the purpose of filling up a total blank
in a will, or of supplying a devise, or other material pro-
vision, term or qualification omitted by mistake; and that
for this purpose the clearest oral declarations of intent
are inadmissible. His intent must be ascertained from
the meaning of the words in the instrument and from
those words alone (1 Jarm. Wills 353).

It is not to be presumed that a mistake has been made
by the grantor in the provisions of such an instrument as
this merely because its terms amount to what (if it were
a will) is sometimes called an unnatural will because a
testator may make an unnatural will if he does so freely
and with a sound mind (*In the Matter of the Will of
Charles Notley,* 15 Haw. 435).

The provisions of the trust deed in this case may not
be commendable, may not be what the court might think
they should be, but they do not contravene any rule of
law that we are aware of. The question is not what pro-
vision Mrs. Bertelmann should have made for the plain-
tiffs in the disposition of her property, but whether her
right to dispose of her property as she pleased may be
taken from her on mere suspicion that a mistake has been
made and that too at a time when she cannot be heard.

In the case of *In re Langford*, 108 Cal. 608, the court said:

"The consideration of the question whether or not a will is unnatural—by which is meant, we suppose, different from what it might have been expected to have been—is of no importance except in cases where there is some evidence immediately tending to show mental incapacity, fraud or undue influence; in which event it might serve to help out a weak case. * * * A will cannot be upset because in the opinion of a jury or the court it is unnatural. In the opinion of the McDevitt case it is said: 'Although I do not think it of special interest here, it is well to remember that one has the right to make an unjust will, an unreasonable will, or even a cruel will.' "

It seems to us that the plaintiffs in this case are asking the court to hold that the provisions complained of do not express the will or intent of the grantor and were inserted in the trust deed by mistake, solely on the ground and for the reason that said provisions are unnatural, or as stated in their brief because a practical joke has been perpetrated upon them. The allegations in their bill amount to this and nothing more.

Applying these principles of courts of equity as to reforming instruments of this character or correcting mistakes in them to the case now before us, we think that there is no mistake apparent on the face of the trust deed; none that can be made out by a due construction of its terms, and it manifestly is not a case for relief in equity on the ground of mistake.

The plaintiffs have asked that the trust deed in question be construed and the rights of all parties to this action determined.

Performance of the primary condition precedent (payment of the mortgage by the grantor), upon which the trustee was to convey the property to the plaintiffs, is not alleged, and will not be presumed, and its performance

having become impossible by the death of the grantor the trustee was authorized to make the conveyance to Helen M. Cockett.

We are therefore unable to see wherein plaintiffs have shown themselves to be entitled to any interest whatever in the land in question, and a further construction of the instrument is therefore unnecessary.

The order of the circuit judge overruling the demurrer is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*W. J. Robinson* (*H. L. Grace* and *C. S. Davis* with him on the brief) for plaintiffs.

*C. F. Peterson* for defendants.