CONRAD GRENZEBACH v. ALBERT FRANKE, Administrator ET AL.;
GEORGE GRENZEBACH ET AL., Appellants.

Division One, July 30, 1926.

**1. WILL: Construction: Contingent Remainder to Children: Right of Grandchildren.** A will by which testator gave to his wife all his property during her natural life and "from and after the death of my said wife *I* give and bequeath my said estate or its remainder unto all such lawful children of mine as shall be living at the time of the decease of my said wife, to be divided in equal parts between them" is plain, clear and unambiguous, and postponed the vesting of the fee in remainder until the death of the wife, and then the fee vested in his children then living, and the children of such of his children as had died prior to the widow's death took nothing. The will created a contingent remainder, the contingency being that only such children as survived the life tenant should take the remainder in fee; and as some of testator's children died prior to the widow's death, neither they nor their children who survived the widow took any interest in the estate.

**2. ——: Pretermitted Heirs: Gift to Unnamed Children: Contingent Remainder.** A will by which testator gave his property to his widow during her natural life and at her death to his children living at the time of her death substantially remembered each child living at the time the will was made, because each by it received a contingent interest or estate.

---

Corpus Juris-Cyc References: **Wills,** 40 Cyc., p. 1386, n. 85; p. 1388, n. 90; p. 1402, n. 63; p. 1414, n. 26; p. 1448, n. 16; p. 1449, n. 24; p. 1477, n. 3; p. 1478, n. 4; p. 1509, n. 97; p. 1672, n. 47; p. 1673, n. 50.

Appeal from Circuit Court of City of St. Louis.—*Hon. Moses Hartmann,* Judge.

REVERSED AND REMANDED.

*Henry E. Haas, Conrad Paeben* and *Albert Wiebe* for appellants.

(1) The statutes require all wills to be in writing and when any partition of land is to be made under the terms of any will no such partition shall be made contrary to the intention of the testator as expressed in such will. Hence, before any supposed intention can be attributed to the testator such intention must be found expressed in the will itself and could not be supplied by the trial court, since the court could not make a will for the testator. Secs. 507, 2005, R. S. 1919; Borland on Wills (Enl. Ed.) sec. 113, and authorities cited in note 85; Gill on Real Property in Missouri, sec. 1496-A; Silvers on Missouri Titles (2 Ed.), p. 345; Shelton v. Bragg, 189 S. W. 1174 (2); Barnard v. Keathley, 230 Mo. 209; Hill v. Hill, 261 Mo. 55; Cannon v. Unknown Heirs of Curtis, 175 Mo. App. 84;

McCoy v. Bradbury, 290 Mo. 650; Board of Trustees v. May, 201 Mo. 360; Nichols v. Boswell, 103 Mo. 157. (2) When the testator declared in his will that "from and after the decease of my said wife, I give and bequeath my said estate or its remainder unto all such lawful children of mine as shall be living at the time of the decease of my said wife, to be divided in equal parts between them," he thereby created a contingent remainder and only those children were entitled to take who answered the description and met the contingency, i. e., were living at the death of the tenant of the particular estate, to the exclusion of the descendants of those children who predeceased the life tenant. Emison v. Whittlesey, 55 Mo. 254; De-Lassus v. Gatewood, 71 Mo. 371; Emmerson v. Hughes, 110 Mo. 627; Godman v. Simmons, 113 Mo. 122; Clark v. Sires, 193 Mo. 502; Dickerson v. Dickerson, 211 Mo. 483; Buxton v. Kroeger, 219 Mo. 224; Sullivan v. Garesche, 229 Mo. 496; Eckle v. Ryland, 256 Mo. 424, Hartnett v. Langan, 282 Mo. 493; Todd v. Connor Inv. Co., 285 Mo. 416; Dwyer v. Union Trust Co., 286 Mo. 481; Taylor v. Adams, 93 Mo. App. 277; Olney v. Hull, 21 Pick. (Mass.) 311; 24 Am. & Eng. Ency. Law (2 Ed.) 382, 399; 40 Cyc. 1477, 1509; Borland on Wills (Enl. Ed.) pp. 398, 399; 2 Underhill on Wills, sec. 557; 1 Tiffany on Real Property (2 Ed.) pp. 486, 489; 3 Thompson on Real Property, secs. 2138, 2140; Warvelle on Abstracts (4 Ed.) sec. 396; 2 Washburn on Real Property (6 Ed.) sec. 1556; Horner on Estates (3 Ed.) secs. 141, 146, 147; Kales' Future Estates (2 Ed.) sec. 309, note 52; 2 Jarman on Wills (6 Ed.) p. 1672; 2 Schouler on Wills (6 Ed.) sec. 1282; 2 Redfield on Wills (3 Ed.) 253, par. 60; Smith v. Chester, 272 Ill 428, 437; Friedman v. Friedman, 283 Ill. 383; Clark v. Clark, 19 S. C. 345; Shanks v. Mills, 25 S. C. 358. (3) A contingent remainder is not a descendible interest, but becomes extinct upon the death of the remainderman before the happening of the contingency. The interest of the deceased remainderman, to-wit, his "chance of having," passes to the survivors of the class and not to his descendants. DeLassus v. Gatewood, 71 Mo. 371; Ringquist v. Young, 112 Mo. 25; Dickerson v. Dickerson, 211 Mo. 483; Sullivan v. Garesche, 229 Mo. 507; Hauser v. Murray, 256 Mo. 58, syl. 9, l. c. 97; Eckle v. Ryland, 256 Mo. 424; Tevis v. Tevis, 259 Mo. 19, syl. 10; Vance v. Humphreys, 210 Mo. App. 506; Gill on Real Property in Missouri, sec. 823; 2 Jarman on Wills (6 Ed.) p. 1353; 1 Underhill on Wills, sec. 350; 2 Alexander on Wills, sec. 992; 40 Cyc. 1510, 1683; 1 Preston on Estates, pp. 66, 67; Bingham on Descents, p. 221 *et seq.;* Webber v. Jones, 94 Me. 429; Thomson v. Ludington, 104 Mass. 193; Shanks v. Mills, 25 S. C. 362; Clark v. Clark, 19 S. C. 350. (4) A plain written legal will cannot be reformed by making additions to it. Hence, when a testator devises the remainder of his estate to those of his children who shall be living at

the death of the life tenant this provision cannot be expanded so as to include grandchildren, since the term ''children'' does not mean ''grandchildren'' any more than the term ''parents'' can be said to include ''grandparents.'' 1 Roper on Legacies, p. 69; 5 Am. & Eng. Ency. Law (2 Ed.) 1085; Cummings v. Plummer, 94 Ind. 403; Pugh v. Pugh, 105 Ind. 555; West v. Rassman, 135 Ind. 296; 2 Jarman on Wills (6 Ed.) p. 1656; 2 Words & Phrases (1 Ser.) p. 1128, title, ''Child—Children;'' 1 Words & Phrases (2 Ser.) p. 665; Phillips' Devisees v. Beall, 9 Dana, 1, 33 Am. Dec. 518; Succession of Roder, 15 Ann. Cases, 526; Crawley v. Kendrick, 2 Ann. Cases, 645; Bannister v. Bull, 16 S. C. 220; Low v. Harmony, 72 N. Y. 408; Pimmel v. Betjemann, 183 N. Y. 194; Von Behrn v. Stoeppelmann, 286 Mo. 89; Lich v. Lich, 158 Mo. App. 400, syl. 4. (5) When a testator names, or provides for, his children as a class this is a sufficient naming under the statute. And where the children are not forgotten there is no statute requiring a testator to remember his grandchildren in addition. Sec. 514, R. S. 1919; Borland on Wills (Enl. Ed.) p. 24, note 27; McCourtney v. Mathes, 47 Mo. 533; Hockensmith v. Slusher, 26 Mo. 237; Brown v. Nelms, 86 Ark. 368; Duensing v. Duensing, 112 Ark. 362, syl. 2; Gerrish v. Gerrish, 8 Ore. 351, 34 Am. Rep. 585; 30 Am. & Eng. Ency. Law (2 Ed.) p. 614, note 2; Beck v. Metz, 25 Mo. 70; Woods v. Drake, 135 Mo. 393; Block v. Block, 3 Mo. 595; Guitar v. Gordon, 17 Mo. 408; Clark v. Clark, 19 S. C. 345; 1 Underhill on Wills, sec. 350.

*John B. Smith* and *Garesche, Green & Remmers* for respondent.

(1) The tendency of the courts is to construe a devise or grant to a person and her children as a life estate in the original donee and a vested remainder to the children and their heirs. Woddell v. Woddell, 99 Mo. 338; Cannon v. Barry, 59 Miss. 289; In re Harrington, 132 Wis. 447; Warne v. Sorge, 167 S. W. 967; Nichols v. Robinson, 211 S. W. 14; Davidson v. Koehler, 76 Ind. 398. (2) The word ''children'' was construed to mean heirs. Sloan v. Thornton, 102 Ky. 443; Smith v. Fox, 82 Va. 763; Rumsey v. Durham, 5 Ind. 71; Nelson v. Nelson, 36 Ind. App. 331. (3) It has repeatedly been held that where a devise is given to children surviving the life tenant, the children of testator living at the time of his death took in fee simple, subject to the life estate. Alsman v. Walters, 184 Ind. 565; Rood v. Hovey, 50 Mich. 395; Gindrat v. Western Ry. Co., 96 Ala. 162; Connelly v. O'Brien, 166 N. Y. 406. (4) It is the policy of the courts to favor vested remainders. Rood v. Hovey, 50 Mich. 395; Campbell v. Stokes, 142 N. Y. 23; Duffield v. Duffield, 3 Bligh. N. R. 260.

GRAVES, J.—This case is one of the few cases wherein counsel agree upon the facts. The two cases were argued together. Appellants have made a statement of the cases as follows:

"On the 24th day of January, 1923, plaintiff instituted two suits in the Circuit Court of the City of St. Louis, Missouri, the first being a suit to construe the will of Conrad Grenzebach, Sr., the plaintiff's father, now deceased, and the second being a suit to partition the remainder of the estate of the deceased testator. Both suits involve the proper construction of the testator's last will and testament, and inasmuch as they present the same points for consideration the parties have, by stipulation filed in this court, agreed that both cases may be heard together and that the decision in one case may abide the other. For the sake of convenience we will refer to the abstract in case No. 25425 as Abstract No. 1 and in case No. 25426 as Abstract No. 2.

"The will in question is in words and figures as follows, to-wit:

" 'LAST WILL AND TESTAMENT OF CONRAD GRENZEBACH, DECEASED.

" 'I, Conrad Grenzebach, of the City and County of St. Louis, State of Missouri, being now of sound and disposing mind and being moreover anxious of making a suitable disposition of my estate, do hereby make, publish and declare my last will and testament, as follows, to-wit:

" 'It is my will that all my just debts and the expenses of my funeral be paid out of my estate after my decease and I leave the charges of my funeral to my hereinafter-named executrix.

" 'I give, bequeath and devise unto my beloved wife Maria Grenzebach all the estate of which I may die possessed, whether real, personal or mixed and remaining when my just debts and funeral expenses are paid.

" 'To have and to hold the same unto her my said wife Maria Grenzebach for and during her lifetime or as long as she shall remain unmarried and my widow, giving and granting unto her my said wife Maria Grenzebach full power and authority, until the time of her decease or second marriage, to convey, assign or sell my said estate or any part thereof, and to give deed in fee simple or loan money on the same and give deed of trust for any amount of money as my said wife Maria Grenzebach may deem proper and fit for the accomplishment of any purpose.

" 'And from and after the decease or second marriage of my said wife Maria Grenzebach I give and bequeath my said estate or its remainder unto all such lawful children of mine as shall be living at the time of the decease or second marriage of my said wife Maria Grenzebach to be divided in equal parts between them.

" 'And also, from and after my decease, my said wife Maria Grenzebach shall not have the right to endorse any notes, nor go security for any person.

" 'And lastly I nominate and appoint my said wife Maria Grenzebach executrix of this my last will and testament.

" 'In witness whereof I have hereunto set my hand and seal this thirteenth day of March in the year of our Lord one thousand eight hundred and sixty-nine.

" ' (Signed)  CONRAD GRENZEBACH  (Seal)

" 'Signed, sealed, published and declared by the above named Conrad Grenzebach as and for his last will and testament in the presence of us, who at his request and in his presence, and in the presence of each other, have hereunto signed our names as witnesses thereto.

" ' (Signed)  THEO. HORMANN.

" ' (Signed)  CHARLES EHRMANN.

" ' (Signed)  CHARLES PICKER.'

"The evidence showed that the testator died in the city of St. Louis on the 5th day of November, 1880, that administration was duly had upon his estate, and that said estate was finally closed on the 23rd day of January, 1883.

"The testimony further showed, and the trial court so found, that when the testator died he left surviving him his widow, Maria Grenzebach, and their children, namely, Conrad Grenzebach, Jr., the plaintiff; John Grenzebach, George Grenzebach and William Grenzebach, four sons, and Mrs. Kate Paeben (*nee* Grenzebach), Elizabeth Grenzebach (afterwards Mrs. Elizabeth Spore), Mary Grenzebach (afterwards Mrs. Mary Van Kleeck), Anna Grenzebach (afterwards Mrs. Anna Bewig), Amanda Grenzebach (afterwards Mrs. Amanda McKasson), and Amelia Grenzebach (afterwards Mrs. Amelia Cook), six daughters.

"The testimony further showed that the widow, Maria Grenzebach, never remarried and continued to live until the 28th day of December, 1922, when she died, being survived, however, by only seven of the children, namely, Conrad Grenzebach, Jr., the plaintiff; George Grenzebach, William Grenzebach, Mary Van Kleeck, Anna Bewig, Amanda McKasson and Amelia Cook.

"The testimony further showed that three of the children, namely, Mrs. Kate Paeben, Mrs. Elizabeth Spore and John Grenzebach, predeceased the life tenant, but that they all died after the testator, Mrs. Kate Paeben having died in May, 1893; Mrs. Elizabeth Spore having died in July, 1895, and John Grenzebach having died in September, 1904.

"The testimony further showed that the three deceased children left surviving them children of their own.  Mrs. Kate Paeben left

surviving her a son, Conrad Paeben, one of the defendants. Mrs. Elizabeth Spore left surviving her two daughters, namely, Mary Hubeli and Garnet G. Read, two other defendants. John Grenzebach left surviving him a son and a daughter, namely, George Grenzebach and Laura LaChasse, also defendants. The relation of these defendants to the testator is that of grandchildren. The court also found that John Grenzebach left surviving him a widow, Louisa Grenzebach, and the testimony showed that she was still living at the time of the trial. For some reason or other, Louisa Grenzebach, widow of John Grenzebach, was not made a party to the suit and she was not included in the distribution ordered by the court.

"Both suits were tried and determined by the same judge, to-wit, Hon. M. Hartmann, sitting in an equity division of the Circuit Court of the City of St. Louis.

"In his original petition the plaintiff joined as a defendant, Albert Franke, administrator of the estate of Maria Grenzebach, the life tenant, upon the theory that her estate was liable to account for the proceeds of the real estate that she conveyed during her lifetime, but this supposed liability was abandoned at the trial after the court had sustained a demurrer as to this defendant.

"The only question that remained in the case was a proper partition of the estate in remainder. The testimony showed, and the court so found, that this estate in remainder consisted of the following described real estate, situated in the city of St. Louis, Missouri, to-wit:

" 'The northern twenty-two feet six inches of lot five and all of lots six and seven in block two of Kingsbury's Addition and in city block 1385 of the city of St. Louis, together fronting seventy-two feet six inches on the east line of Missouri Avenue, by a depth eastwardly between parallel lines of one hundred twenty-six feet to an alley; upon which said property improvements known as 2254, 2256 and 2258 Missouri Avenue have been erected.'

"This property was variously estimated by the witnesses to be worth from $15,000 to $25,000.

"The trial court ordered the property divided into ten equal shares and he decreed the grandchildren to be entitled to the share that their parent would have been entitled to had such parent survived the life tenant.

"Pending the suit the plaintiff herein, Conrad Grenzebach, Jr., purchased at execution sale the interest of his brother, George Grenzebach in and to the real estate mentioned, so that the plaintiff now owns two shares instead of one.

"The remaining five children of the testator, 'who were living at the death of the life tenant,' excepted to the action of the trial court. in dividing the property into ten equal shares and filed their motion

for a new trial, which was overruled by the court. Title to real estate being involved, an appeal to this court followed.''

Of this statement, counsel for respondent say:

''Respondent accepts and adopts the statement of the cases as made by the appellants and found on pages one to seven, inclusive, of the appellants' statement, brief and argument.

''The only question before this court, as respondent views it in both cases, is whether or not under the will of Conrad Grenzebach, deceased, the grandchildren of the deceased children of testator, who died after testator's death and before his widow's death, inherit the share in testator's estate of their respective parents.''

We commend counsel for thus adhering, with absolute strictness, to our rule as to statements of a case in this court. By way of statement and outline we shall add nothing.

I. Case number 25425 is the action to construe the will. As indicated by the statement, the testator, at his death, left ten children and a widow. Before the widow's death three of these children died, but each left children, who would be testator's grandchildren. It is clear from the statement that (at least as to the undisposed of estate, and that is all which is involved here) the will created a life estate in the widow, and a fee in remainder in the children (at the making of the will, or perhaps better expressed, at the death of testator) which vested at the testator's death, and therefore the children of deceased children would take their parts, unless there is a clear intent expressed to the contrary in the ·will.

**Construction.**

Thus the court found that, under the will, the estate in remainder should be divided in ten equal parts, one part to each of testator's living children at the death of his wife, and one part to the children of each of the three deceased children. If this construction is right, then appellants must lose in both cases. So after all the single question is the meaning of the will set out in the statement.

II. The clause of the will which gives us pause in this case reads:

''And from and after the decease or second marriage of my said wife Maria Grenzebach I give and bequeath my said estate or its remainder unto all such lawful children of mine as shall be living at the time of the decease or second marriage of my said wife Maria Grenzebach to be divided in equal parts between them.''

**Contingent Remainder.**

No rule is better settled than courts cannot write wills for deceased parties. [Board of Trustees v. May, 201 Mo. l. c. 370.] The intent of the testator is the thing to be sought in the construction of a will, but that intent must be gathered from the language of the will, if

such document is in plain and unambiguous language. Not even by extrinsic evidence can it be shown that the testator meant one thing, when in the will he has plainly said another. [McCoy v. Bradbury, 290 Mo. l. c. 658.]

It occurs to us that this language is clear, plain and unambiguous. From what went before the wife took a life estate, coupled with a power to sell and convey. The only misused word in the first part of the will is the use of the words "or loan money" when the whole context shows that the words "borrow money" were meant.

But going to the troublesome clause of the will it is clear that the testator meant for the remainder of his estate, after the death or remarriage of the wife, should go to such of his own children (not grandchildren) as were living at the death or remarriage of the wife. He used the words "all such *lawful* children of *mine,* as shall be *living* at the time of the decease or second marriage of my said wife." He also used the words "to be divided in equal parts." What reason he may have had for the use of the word lawful, we are not called upon to speculate. He says "children of mine," and then says that those living at the designated date should take in equal parts. This further shows that he did not intend to use the word children in a way to cover grandchildren. One of his deceased children might have left a half dozen children, yet each would take an equal share with his children if grandchildren were meant. What reason he had for excluding grandchildren and postponing the vesting of the estate in remainder is not for the court to determine. It suffices for us to say that the clear language used created a life estate in the wife with full power to sell and convey, and does postpone the vesting of the fee in remainder until the death or remarriage of this widow.

We think the language clear, and the exact character of the estate in the children we discuss later.

III. The language of this will creates a contingent remainder in the children. The contingency is that the ones to take in remainder should survive the contingencies of the remarriage or death of the life tenant. There was no vested remainder **Estate of** created, to carry with it a future possession. Whether **Grandchildren** either of the ten children were entitled to an estate at all was dependent upon the contingency of surviving, or being alive at the dates mentioned, i. e. (1) the remarriage of the widow, or (2) if there was no remarriage, then at her death. This is the plain and unambiguous language of the will, and it is not for the court to re-write testator's will. Plaintiff is one of the seven surviving children of testator, and it is said that he desired the grandchildren to take their parts of a one-tenth interest. This evidences a commendable spirit

upon his part, but that does not change unambiguous and plain language in the will.  There are others insisting upon their pound of flesh.  Under strong authorities, this will only created a contingent remainder in the children of the testator.  [Borland on Wills and Administrators (Enlarged Ed.) pp. 398-399; 2 Underhill on Wills, sec. 557; 1 Tiffany on Real Property, pp. 486, 489; 3 Thompson on Real Property, secs. 2138, 2140; Harnett v. Langan, 282 Mo. 493-494, and cases cited; Dwyer v. St. Louis Union Trust Co., 286 Mo. 481.]  These and the long list of other cases cited in appellant's brief, which will appear in the reporter's notes, fully sustain the view of a contingent remainder.

Only those who survived to and after the last contingency (the death of the life tenant, because the other contingency, remarriage never occurred) ever obtained a vested estate in the lands in dispute.  The foregoing authorities make it clear that the children, as a class, were only given a contingent remainder.  Each child was remembered substantially by the will, because each had received thereby a contingent interest or estate.

The will read as a whole (as we must read wills in construing them) bears out these views.  First, we have the widow vested with the absolute power to sell and convey.  Secondly, we have the express limitation to the effect that only those of his children living at the death of the life tenant should participate in the remainder.  As to who should, in fact receive the remainder, was clearly left to a future contingency, and hence no vested remainder was ever created by the will.

From these views it results that the judgment in both cases (our Nos. 25,425 and 25,426) must be reversed, and the causes remanded to be further proceeded with in accordance with the views herein expressed.  All concur.