In the ESTATE of G. Wilse ROBINSON, Deceased.

COMMERCE BANK OF KANSAS CITY, N. A., Executor and Testamentary Trustee, Respondent,

v.

G. Wilse ROBINSON, III, and Van Robinson, Appellants.

No. KCD 27799.

Missouri Court of Appeals, Kansas City District.

June 1, 1976.

tor's real estate was conditioned upon the property remaining unsold by the testator prior to his death. Affirmed.

On August 15, 1968, G. Wilse Robinson executed a Last Will and Testament, Article Four of which provided:

"If my home at 110 Vine Street, in Colorado Springs, Colorado, shall not have been disposed of by me prior to my death, I hereby authorize and direct my executor to sell the same * * *.

"The proceeds from the sale * * * shall be distributed, one-half thereof to my wife, one-third thereof to my son VAN M. ROBINSON, and one-sixth thereof to my son G. WILSE, III: provided, however, that the said fractional share of any of them who shall have predeceased me shall pass as a part of my residuary estate."

Testator's wife predeceased him and, on February 14, 1969, he executed a First Codicil, Item Four of which provided:

"I hereby delete and revoke the second paragraph of Article Four of my said will and in lieu thereof adopt and insert the following paragraph:

" 'The proceeds from the sale * * * shall be distributed, two-thirds thereof to my son VAN M. ROBINSON and one-third thereof to my son G. WILSE ROBINSON, III, etc.' "

Testator executed additional codicils April 16, 1970, and August 30, 1971, which affect neither Article Four nor the property there mentioned.

Article Two, paragraphs 1, 2, 3, and 4 bequeathed various items of personal property to Van M. Robinson and G. Wilse Robinson, III, and their wives; other paragraphs bequeathed items of personal property to testator's brother and to various organizations.

Article Four-A of the First Codicil devised "any interest owned by" testator in certain real property in California to Van Robinson.

Article Six established a trust to be funded from testator's residuary testate. Paragraph 3 gave $5,000 each to Van Robinson

Thomas M. Howell, Kansas City, for appellants.

George H. Gangwere, Robert W. McKinley, Kansas City, for respondent; Swanson, Midgley, Gangwere, Thurlo & Clarke, Kansas City, of counsel.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from judgment made pursuant to executor's application construing a will adversely to individual claimants. The dispositive question is whether the devise to testator's sons of proceeds of a sale of testa-

and G. Wilse Robinson, III, after which the trust was to benefit each of them, their wives and children. Upon termination of the trust, the trustee was directed to distribute the principal and undistributed income to certain Catholic orders, a memorial fund, and Van Robinson and G. Wilse Robinson, III.

On June 24, 1969, testator sold the real estate described in Article Four pursuant to an agreement whereby the purchasers, Matt L. and Thea K. Kamper, paid $5,000 cash and gave their promissory note for $23,000 secured by deed of trust payable over a 15-year period. This note is an asset of the estate and the executor has received payments on it since the testator's death.

In response to the executor's application for construction, testator's sons, Van Robinson and G. Wilse Robinson, III, contended that the Kamper note represented the proceeds of the sale of the Colorado real estate, and that the note as the proceeds of the sale was distributable to them under Article Four.

The probate court found "that the testator's intention is clearly stated in said Article Four, and that there is no ambiguity in said Article. The testator intended that the provisions of Article Four would come into play only 'if my home at 110 Vine Street in Colorado Springs, Colorado shall not have been disposed of by me prior to my death . . .' The home had been sold by the decedent in June, 1969, over three years prior to his death, and thus the executor has no duties whatsoever to perform under Article Four. If the testator had intended for his sons to receive the Kamper note, then he could have easily so provided by an inter vivos gift to them or by an additional codicil to his will. [and] ORDERED that Article Four of the will of G. Wilse Robinson, Jr., dated August 15, 1968, as amended by the first codicil dated February 14, 1969 is hereby construed in accordance with the findings and conclusions set forth above, so that the promissory note of Mr. and Mrs. Kamper described above shall not be distributed to the decedent's sons under said Article Four as amended, but it shall be distributed as a part of the decedent's residuary estate to Commerce Bank of Kansas City, N.A. as trustee, in trust, under paragraph 3 of Article Six of decedent's will."

The circuit court, upon appeal, entered judgment which affirmed the finding and order of the probate court.

Appellants contend the court erred in finding testator's gift of the proceeds of sale of testator's residence under Article Four of the will to be conditional upon testator's not disposing of the property during his lifetime.

Appellants cite the rules that courts shall have due regard to the directions of the will and the intent and meaning of the testator, Section 474.430, RSMo 1969; *Ussher v. Mercantile Trust Co.*, 328 S.W.2d 699 (Mo.1959), and that in ascertaining a testator's intent, the court must give effect to the intention of the testator as gathered from the entire will, *Garrett v. Damron*, 110 S.W.2d 1112 (Mo.1937); *Ussher v. Mercantile Trust Co.*, supra. They argue that the court failed to follow these rules and extracted a single phrase from the first paragraph of Article Four and interpreted it to mean that the entire operation of Article Four is conditioned upon "said prefatory phrase" of the first paragraph of Article Four, and that the court overlooked the plain words of the separate and independent second paragraph of Article Four which contains the devise to them of the proceeds of the property subject only to their survival at testator's death.

Appellants' argument is that the testator's intent is not ascertainable from Article Four alone but that the whole will expresses an intent that even if the testator did not own the property at his death, the devisees should receive the proceeds from the sale of the property.

■ Appellants' construction is contrary to the language of Article Four, i. e., "If my home * * * shall not have been disposed of by me prior to my death * *." The words of such provision are unambiguous and "must be given their ordinary meaning and grammatical construction, unless it is manifest from the whole instru-

ment that they were used in a different sense." *Meiners v. Meiners*, 179 Mo. 614, 78 S.W. 795, 796 (1904). See also *Housman v. Lewellen*, 362 Mo. 759, 244 S.W.2d 21 (banc 1951). Testator's unequivocal language shows that his devise of proceeds of a sale of his Colorado Springs residence was to take effect only if such real estate was owned by him at his death. Unless the home was owned by testator at his death, the executor had no duties to perform with respect to its sale and distribution of proceeds. It would be necessary to disregard the introductory clause of Article Four in order to accommodate appellants' contention. This the court cannot do. " 'The function of a court is to construe a will and not to make or rewrite one for the testator under the guise of construction. * * * If a will expresses the intention of the testator in clear and unequivocal language, there can be no occasion for construction * * *.' " *Scullin v. Mercantile-Commerce Bank & Trust Co.*, 361 Mo. 337, 234 S.W.2d 597, 602 (1950). See also *Grenzebach v. Grenzebach*, 315 Mo. 392, 286 S.W. 79 (1926); *Crowson v. Crowson*, 323 Mo. 633, 19 S.W.2d 634 (1929).

Appellant asserts "the trial [probate] court held, by inference, that the legacy was adeemed by testator's act in selling the said home," to charge that the court erred also "in finding that the gift of the proceeds of sale of testator's home was adeemed * * * by testator's act in selling said home prior to his death and retaining the proceeds."

As demonstrated, testator's language in Article Four of his will created a devise conditional on the property devised being owned by the testator at his death. The court so found, and there is no indication in the record that the court found an ademption of the devise. The court's finding and order refutes any such inference. Accordingly, it is unnecessary to determine whether the judgment can be sustained on that ground also.

Judgment affirmed.

All concur.