**BOONE COUNTY NATIONAL BANK, Plaintiff–Respondent,**

v.

**Merrill EDSON, Defendant–Respondent,**

**Kathie Kalmowitz–Edson, et al., Defendants–Appellants,**

**First Interstate Bank of Billings, Defendant–Respondent.**

No. 70539.

Supreme Court of Missouri, En Banc.

Nov. 15, 1988.

Thomas M. Schneider, Columbia, for defendants-appellants.

Marvin Wright, Glen R. Ehrhardt, Columbia, John L. Whiteside, Edwin J. Carlton, Columbia, for respondents.

WELLIVER, Judge.

Boone County National Bank brought this action to construe a will. They sought direction as to the proper distribution of a trust estate created by the will. Boone County National Bank is the trustee of a trust established by the Last Will and Testament of Margaret Poindexter Tello (Testatrix). The Boone County Circuit Court found the will clear and unambiguous. The trial court sustained respondents First Interstate Bank of Billings, N.A. (First Interstate Bank) and Merrill Edson's joint motion for summary judgment. The trial court denied appellants Kathie E. Kalmowitz, Judith D. Edson, and Carol E. Thompson's motion for summary judgment. In addition the trial court ordered distribution of the trust corpus and allowed respondent Boone County National Bank its costs and attorney fees to be paid out of the trust estate.

Appellants appealed claiming the will, as written, contains a mistake creating an ambiguity. The Court of Appeals, Western District concluded that the will is ambiguous and reversed the judgment. No party disputes the awarding of costs and attorney fees to be paid out of the trust estate. We transferred the case to examine whether the Court of Appeals opinion was consistent with our prior holdings. We decide it as on original appeal. Mo. Const. art. V, § 10. We affirm the trial court.

I

The Testatrix had her attorney write the will in question in 1960. The Testatrix died in 1971 and the will was probated.

The residuary clause of the will created a trust for the support of Lois Tello, Testatrix' daughter. The terms of the trust directed the trustee to pay the income of the trust to Lois and authorized the trustee to invade the corpus of the trust as necessary to properly maintain, support and educate Lois. The will provided for termination of the trust on the death of Lois.

The conditions and directions for distribution of the remaining trust corpus and any undistributed income are set out in paragraph III–G of the will. It provides as follows:

This trust shall terminate upon the death of my said daughter. At such time my Trustee is directed to pay over all of the remaining corpus of the trust, together with any undistributed income, to the child or children of my said daughter, if she dies with children her surviving, to be divided among her said children in equal shares per stirpes and not per capita. In the event that my said daughter dies without children her surviving, I give, devise and bequeath all of the remaining corpus and undistributed income to my sisters, Jessie P. Moore, of Harlowton, Montana, and Dorothy Edson, of Harlowton, Montana, in equal shares. In the event that my sister, Jessie P. Moore, predeceases me, I desire that her share go to my other sister, Dorothy Edson. In the event that the said Dorothy Edson predeceases me, I give, devise and bequeath her share to her granddaughters, Carol Jane Edson, Kathie Margaret Edson, and Judith Dorothy Edson, or to their survivor, in equal shares.

For convenience and clarity, a diagram of the family relationships follows:

The question presented to us is whether or not the language used in the dispositive provision is ambiguous—that is, did Testatrix intend to use the pronoun "me" in the last two sentences of paragraph III–G or to use the pronoun "her" or the name "Lois."

The Testatrix died in 1971. She was survived by both of her sisters, Jessie P. Moore and Dorothy Edson, and Lois. Jessie P. Moore died intestate in 1972 leaving no spouse or children. Dorothy Edson died testate in 1984 prior to the death of Lois. Dorothy had two sons, Frederick Edson, Sr. (deceased) and Merrill Edson (respondent herein). Frederick was survived by four children, Frederick M. Edson, Jr., and appellants Kathie E. Kalmowitz, Judith D. Edson, and Carol E. Thompson.

Dorothy Edson, by her will, left all of her residuary estate to respondent First Interstate Bank in trust for the benefit of her four grandchildren. She specifically excluded her son, Merrill.

Lois Tello died intestate in 1986 and the trust for her benefit terminated. She was not survived by a spouse or any children.

The deposition of the drafting attorney was taken and offered and was ruled by the trial court to be inadmissable in this proceeding. Relying solely on his memory and not on notes or written memorandums, the attorney testified that it was his memory that the Testatrix intended that either "her" or the name "Lois" should have been used instead of the pronoun "me." He also testified that after the will was typed, it was given to Testatrix to carefully be read before signing.

## II

The opposing parties each filed motions for summary judgment after discovery. Each motion incorporated by reference the deposition testimony of the attorney who drafted Testatrix' will.

The trial court ruled in favor of respondents Merrill Edson and First Interstate Bank. The trial court specifically found:

that the Last Will and Testament of Margaret P. Tello as written, and particularly paragraph III–G thereof, is clear and unambiguous on its face, allows no occasion for construction or admission of extrinsic evidence, and is not susceptible of any interpretation not contained in the language plainly and clearly set forth in said Last Will and Testament of Margaret P. Tello and specifically that provision of the Last Will and Testament designated as paragraph III–G.

The trial court awarded three-fourths of the trust proceeds to respondent First Interstate Bank, trustee under Dorothy Edson's will; one-eighth to respondent Merrill Edson; and one-eighth to Frederick Edson, Jr., and appellants Kathie E. Kalmowitz, Judith D. Edson, and Carol E. Thompson, in equal shares. The fractions determined by the trial court for the distribution are not contested by any party.

If the last two sentences of paragraph III–G were construed to read the pronoun "her" or the name "Lois" instead of the pronoun "me," the entire trust corpus would be distributed to appellants Kathie E. Kalmowitz, Judith D. Edson, and Carol E. Thompson, in equal shares.

Our scope of review is established by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment must be sustained unless there is no substantial evi-

dence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law or unless it erroneously applies the law.

## III

Appellants contend that the trial court erred in overruling their motion for summary judgment. Appellants virtually assume that it was the Testatrix' intent to use the pronoun "her" or the name "Lois", either of which would tie distribution of the assets to the death of Lois instead of the death of the Testatrix. Having so assumed, appellants find the ambiguity which they assert requires construction of the will, and, they then argue that proper construction requires that the court substitute either the pronoun "her" or the name "Lois" in lieu of the pronoun "me" in the last two sentences of paragraph III–G.

One of our rights most sacredly guarded by the law is our right to dispose of our property after death by a will prepared and executed prior to death. To assure the integrity of the instrument, we require formal and verified execution of the instrument. To assure all who would make wills that their intent can and will be carried out following their death, of necessity, we must impose the most strict rules of construction. This we believe the Missouri Courts have done throughout the history of our state.

■ In construing a will, we are guided by certain maxims concerning will construction. Courts must ascertain the testatrix' intention from the four corners of the will, not from the results to be achieved under a will. *See, In re Estate of Stengel,* 557 S.W.2d 255, 259 (Mo.App.1977). Courts may not attempt to make what may seem to be a more equitable distribution. *Magruder v. Magruder,* 525 S.W.2d 400, 405 (Mo.App.1975). Finally, courts must look to the language used within the entire instrument, not to the result of the distribution plan, to determine if an ambiguity exists.

■ It is the policy of the law to favor freedom in the testamentary disposition of property. It is the duty of the courts to give effect to the intention of the testatrix, as expressed in her will, provided such intention does not contravene an established rule of law. *In re Rahn's Estate,* 316 Mo. 492, 291 S.W. 120, 124 (1927); *In re Estate of Stengel,* 557 S.W.2d 255, 259 (Mo.App.1977).

Our purpose in a will construction case is to ascertain the intent of the testatrix as gathered from the language from the will read as a whole. *In re Estate of Welter,* 598 S.W.2d 618, 619 (Mo.App.1980); § 474.430, RSMo 1986.

■ If a will expresses the intention of the testatrix in clear and unequivocal language, there can be no occasion for construction of the instrument. *Estate of Robinson,* 537 S.W.2d 830, 833 (Mo.App. 1976). The courts will not rewrite a will under the guise of construction. *Burrier v. Jones,* 92 S.W.2d 885, 887 (Mo.1936).

■ In no case may words be transposed, supplied, substituted or otherwise omitted where the meaning is plain and unambiguous, and any alteration of the language originally employed would create a meaning different from that which it naturally had when the will was written. 80 Am.Jur.2d *Wills* § 1160 (1975) citing *Gannon v. Albright,* 183 Mo. 238, 81 S.W. 1162 (1904).

The court cannot give the language used a different meaning for the purpose of carrying into effect a conjecture or hypothesis of the testatrix' intention, by supplying or rejecting words. *Crowson v. Crowson,* 323 Mo. 633, 19 S.W.2d 634, 637 (1929).

## A

■ Appellants contend that the trial court misconstrued the will when it failed to substitute the intended pronoun to correct a mistake made by the draftsman. In construing a will, a court cannot correct a mistake made by the draftsman, unless the mistake appears on the face of the instrument, and unless it also appears what would have been the will if the mistake had not occurred. 80 Am.Jur.2d *Wills* § 1129 (1975). *See* Annotation, *Effect of mistake of draftsman (other than testator) in drawing will,* 90 A.L.R.2d 924 (1963). A

mistake must be apparent on the face of the will, otherwise there can be no relief. *Goode v. Goode*, 22 Mo. 518, 524 (1856). Change "this doctrine, and you may as well repeal the statute requiring wills to be in writing, at once. Witnesses will then make wills and not testators." *Id.* We find the language used is clear and unambiguous on its face, and there is no justification for correcting possible draftsman's mistake. The trial court properly excluded the deposition of the drafting attorney.

### B

█ The Testatrix provided for her daughter by establishing a trust for her care and support. It is clear from reading the will that Testatrix' intent was to provide for Lois. It also is clear the trust was to terminate upon Lois' death. It also is clear the Testatrix wanted the trust corpus to go to Lois' surviving children, if any, but to Testatrix' sisters if no children survived Lois.

Nothing in the will sheds light on whether Testatrix wanted further distribution tied to her death or that of her daughter, except the clear and unambiguous words which she used to tie further distribution to her own death. We can speculate that most people might have done it the other way, or that taxwise it would have been cheaper to do it the other way, but there is nothing on the face of the instrument to show an intent that it go other than by the words used, the words which she read before signing and the words which she signed.

The clear unambiguous words of the instrument mandate that the trial court be affirmed in all respects.

AFFIRMED.

BILLINGS, C.J., BLACKMAR, ROBERTSON, HIGGINS, JJ., and PREWITT, Special Judge, concur.

RENDLEN, J., concurs in result.

DONNELLY, J., not sitting.