In the ESTATE OF Stanley Hope
McREYNOLDS, Deceased.

L. Leroy NEFF, Personal Representative,
Estate of Herbert W. Armstrong, De-
ceased, and Worldwide Church of God,
Respondents–Appellants,

v.

HEIRS AT LAW OF Stanley Hope
McREYNOLDS,
Petitioners–Respondents.

No. 57338.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Dec. 18, 1990.

Edward R. Jayne, Kirksville, for respondents-appellants.

Howard Madison Hickman, Kirksville, for petitioners-respondents.

CRANDALL, Chief Judge.

Petitioners, the heirs at law of Stanley Hope McReynolds (Heirs), brought an action to interpret a trust provision in the will of Stanley Hope McReynolds, deceased (Testator). Respondents, L. Leroy Neff, Personal Representative, Estate of Herbert W. Armstrong, deceased (Estate), and Worldwide Church of God (Church), appeal from the judgment of the trial court in favor of Heirs which held that the testamentary trust failed and that, upon final settlement of the estate, the trust assets should be distributed to Heirs. We affirm.

The parties, in this court-tried case, submitted the evidence to the trial court on stipulated facts. Those facts established that the residual clause of Testator's will, which was admitted to probate, created a testamentary trust:

## ARTICLE THREE

I give and bequeath all of my estate to J. Patrick Wheeler, Attorney, Canton, Missouri as Trustee to be retained, managed and distributed by him under the following provisions.

(a) The purpose of this Trust is to provide for the support and welfare of my father, Charles R. McReynolds.

(b) The Trustee shall pay over the net income to the said Charles R. McReynolds or so much thereof as should be required to provide adequately for his care, welfare and support in convenient intervals, and shall use such amounts of principal as shall be required in his discretion to provide for any emergency, illness or insufficient income for the benefit of my father.

(c) Upon the death of my father, Charles R. McReynolds, the Trustee may, out of such funds remaining pay the funeral expenses and last illness and related expenses of my father and shall distribute the remainder of the assets to Rev. Herbert W. Armstrong, Box 111, Pasadena, California 91123 and I request that said legatee shall use the money so received by him in the promotion and furtherance of his Radio Ministry and the spreading of the Gospel as he may see fit, and the Trust shall terminate.

The trust beneficiary, Charles R. McReynolds, and the remainderman, Herbert W. Armstrong (Reverend Armstrong), died prior to the death of Testator. There was no provision for the disposition of the trust property in the event both beneficiaries of the trust predeceased Testator. Heirs filed their petition which was styled "Petition to Construe Will." The parties stipulated that the language of the will was "unambiguous." Finding that "the bequest to Rev. Armstrong lapsed....," the court ordered that, upon final settlement of the estate, the assets be distributed to Heirs according to the laws of intestate succession.

We note that Article III, paragraph (c) gives the trustee discretion to pay for the expenses of the funeral and the last illness of Testator's father. Because neither the stipulated facts before the trial court nor the record on appeal addresses the issue of whether the trust is still subject to the exercise of the trustee's discretion, we assume that payment of those expenses is not an issue on appeal.

■ Estate and Church first contend that Article Three, paragraph (c) of the trust created a public charitable trust. They argue that, when Testator's father predeceased Testator, the remainder of the trust corpus was given to Reverend Armstrong in his representative capacity to use for religious purposes and not in his individual capacity for his own personal use.

■ We acknowledge that a devise in trust to a named trustee for religious purposes can create a valid public trust. *See McMenomy v. Williford*, 526 S.W.2d 880, 883 (Mo.App.1975). The threshold inquiry is whether Testator intended to create a

charitable trust with Reverend Armstrong as the trustee when he used the following language in Article Three, paragraph (c) of his will: "I request said legatee [Reverend Armstrong] shall use the money so received by him in the promotion and furtherance of his Radio Ministry and the spreading of the Gospel as he may see fit...."

■ As a general rule, courts must ascertain the intention from the four corners of the will, not from the results to be achieved under a will. *Boone County Nat'l Bank v. Edson*, 760 S.W.2d 108, 111 (Mo. banc 1988). Courts may not attempt to make what may seem to be a more equitable distribution. *Id.* Finally, courts must look to the language used within the entire instrument, not to the result of the distribution plan, to determine if an ambiguity exists. *Id.*

■ With regard to what is called a precatory trust, courts must follow the ordinary rules of law applicable to the construction of a will. *Pearson v. First Congregational Church of Joplin*, 106 S.W.2d 941, 946 (Mo.App.1937). A trust is not lightly imposed on mere words of recommendation and confidence when property is given absolutely. *Id.* at 946–947. The question is whether words such as "wish" or "desire" express merely the testator's wish or whether they express his will. *Id.* at 947. A testator's use of the word "request" does not necessarily create a precatory trust, and it never does unless in other parts of the will a plain intention appears to create a trust. *Estill v. Ballew*, 26 S.W.2d 778, 779–780. (Mo.1930). Similarly, a charitable trust is created only if the testator manifests an intention that the property be held subject to a legal obligation to devote it to purposes that are charitable. W. Fratcher, Scott on Trusts Section 351 (4th ed. 1989).

In the will provision at issue, Testator directed the trustee to deliver the remainder of his residual estate to Reverend Armstrong with the "request" that it be used to promote Reverend Armstrong's radio ministry and to spread the Gospel, as Reverend Armstrong saw fit. The will did not designate Reverend Armstrong as trustee. Testator, therefore, did not manifest an intention to impose a legal obligation on Reverend Armstrong to use the property for religious purposes, but rather the language of the will allowed him to either apply the residue of Testator's estate to the designated religious purposes or keep it for his own benefit. Furthermore, it is unlikely that Testator intended to create a charitable trust with Reverend Armstrong as trustee by means of precatory language within the same will provision which specified a trustee and established an express trust for the benefit of his father.

Testator's intent was to make a beneficial gift of the residue of his estate to Reverend Armstrong, who was then free to do as he liked with the property. Testator did not demonstrate an intention to create a public charitable trust in Article Three, paragraph (c) of his will. The trial court properly determined that Testator did not create a charitable trust.

■ In the alternative, Estate and Church claim that, if Reverend Armstrong took under the trust in his individual capacity, then Reverend Armstrong's estate is entitled to the proceeds of the trust. They argue that because Testator's father and Reverend Armstrong both died prior to the death of Testator and Testator gave no direction as to the disposition of the property in the event the beneficiary and the remainderman predeceased him, the trust property then went to Reverend Armstrong or to his estate.

■ It is the rule at common law that a gift in trust lapses upon the death of the beneficiary prior to the death of the trustor. Restatement (Second) of Trusts Section 112 comment f (1959); W. Fratcher, Scott on Trusts Section 112.3 (4th ed. 1989); *see also In Re Estate of Button v. Old Nat'l Bank of Washington*, 79 Wash.2d 849, 490 P.2d 731, 734 (1971). In Missouri, if the named legatee in a will is not a relative by consanguity, the common law rule that the gift lapses is still effective.

Section 474.460, RSMo (1986).[1] The gift to Reverend Armstrong, however, was made not by will but by testamentary trust. Faced with similar facts, courts in other jurisdictions have held that statutes to prevent lapse apply to beneficiaries of testamentary trusts. *See* Annotation, *Statute to Prevent Lapse in Event of Death of Devisee or Legatee before Testator as Applicable to Interest of Beneficiary under Trust who Dies before Testator*, 118 A.L.R. 559 (1939). This result reflects the policy against the lapsing of gifts to relatives of the deceased.

Here, Testator made no provision for the disposition of the trust assets in the event his father and Reverend Armstrong predeceased him. Even if Section 474.460 applies to testamentary trusts, Reverend Armstrong was not a relative by consanguity of Testator; and, therefore, the trial court correctly determined that the gift to Reverend Armstrong lapsed.

Because the testamentary trust failed without provision for disposition of the assets, the trustee held the trust property in a "resulting trust" for Testator or his estate. *See* Restatement (Second) of Trusts Section 411 comment c (1959). A "resulting trust" arose because the inference was that the trustee was not to keep the property; and since no other disposition was made of it, the trustee was required to return the property to the creator of the trust, or to his successors if he was dead. *See* W. Fratcher, Scott on Trusts Section 404.1 (4th ed. 1989). In the instant action, the trust property returned to Testator's estate. Because the residuary clause of Testator's will created the trust and the trust failed, Testator died intestate as to the residue of his estate. Therefore, upon final settlement of Testator's estate, the residue of his estate passed to Heirs.

1. Section 474.460, RSMo (1986) provides in pertinent part:
   When any estate is devised to any child, grandchild or other relative of the testator, and the devisee dies before the testator, ... leaving lineal descendants who survive the testator ..., the descendants shall take the estate, ... as the devisee would have done if he had survived the testator....
   The term "relative" as used in this statute is reserved for relatives by consanguity. *McComb v. Lyons*, 487 S.W.2d 16, 18 (Mo.1972).

The judgment of the trial court is affirmed.

SMITH and GRIMM, JJ., concur.