**BOATMEN'S TRUST COMPANY, Plaintiff/Appellant,**

v.

**Margaret Sample SUGDEN, Defendant/Respondent, and**

**George C. Slaton, et al., Defendants/Cross–Appellants.**

**Nos. 59219, 59236 and 59267.**

Missouri Court of Appeals, Eastern District, Division Four.

March 17, 1992.

Thomas Walsh, David Slavkin, Kathleen Sherby, St. Louis, for Boatmen's Trust—appellant.

Edwin Baldwin, Thomas Cummings, Charles Redd, Jordan Cherrick, St. Louis, for Sugden—respondent.

Alan Popkin, David Boresi, St. Louis, for Slaton—respondent.

Albert Hamel, Stuart Vogelsmeier, St. Louis, for Willette, Bartee, Berglund, and Bass—respondents.

CARL R. GAERTNER, Judge.

This is an appeal from an interlocutory judgment of the Circuit Court of the City of St. Louis, providing for the distribution of trustees's fees from four trusts created by William Sample.

When William Sample died in 1956, he left behind a wife, Julia, and three children: William Sample, Jr., Margaret Sample Sugden (Sugden), and Janet Sample Bass. Both William Sample, Jr., and Janet Sample Bass predeceased Julia Sample. William Sample, Jr., is survived by a daughter, Mary Wilmette. Janet Sample Bass is survived by three children, Jennie Bartee, Margaret Berglund, and Francis Bass, Jr.

Julia Sample re-married and became Julia Sample Tyler (Tyler). At her death in 1987, Tyler was survived by Sugden and the grandchildren, Wilmette, Bartee, Berglund, and Bass (grandchildren). The executor of Tyler's estate is her nephew George Slaton (Slaton).

During his lifetime, William Sample created two insurance trusts described as the "marital insurance trust" and "residuary insurance trust". At his death, his will provided for the creation of two trusts from the residue of his estate described as the "marital testamentary trust" and the "residuary testamentary trust". Julia Sample Tyler was the sole income and discretionary principal beneficiary of the four trusts. St. Louis Union Trust Company and Julia Sample Tyler served as co-trustees of the trust during her lifetime. Boatmen's Trust Company (Boatmen's) is the successor to the St. Louis Union Trust Company. On Tyler's death, the four trusts ended and the principal was distributed. Margaret Sugden succeeded Tyler as co-trustee as provided by the trust agreements. The principal of the marital insurance trust and the marital testamentary trust were distributed pursuant to an appointment by Tyler. The residuary insurance trust and the residuary testamentary trust were distributed to Sugden and the surviving children of William Sample, Jr., and Janet Sample Bass.

At issue in this case is the payment of fees to the trustees for their part in the distribution of the trust principal. The principal in the four trusts consisted primarily of stock in the Ralston Purina Company with a value in excess of 90 million dollars.

Paragraph 15 of the William Sample Will provides for the compensation of the Trustees, as set forth below:

The Trustees shall receive as compensation for their services hereunder, five per cent (5%) upon the gross income accruing each year to the trust estate, and five percent (5%) upon the fair market value of the principal of the trust estate as and when the same is disbursed or distributed from trust. The St. Louis Union Trust Company, while serving as Co-Trustee, shall receive three-fifths (⅗) of such compensation, provided, however, that said Trust Company in no event shall receive less than an amount equal to the full five per cent (5%) fee on the annual gross income of the trust estate up to FOUR THOUSAND NO/100 ($4,000.00) DOLLARS, and on principal disbursement up to ONE HUNDRED THOUSAND NO/100 ($100,000.00) DOLLARS or less than FIFTY NO/100 ($50.00) DOLLARS per year as its minimum compensation. If the St. Louis Union Trust Company shall be entitled to the entire fee as above set out, then the individual Co-Trustee shall receive no compensation.

Article Ten of the Insurance Trust provides for the compensation of the Trustees, as set forth below:

*TENTH:* The Trustees hereunder shall receive for their services five per cent (5%) upon the gross income accruing each year to the trust estate, and five percent (5%) upon the fair market value of the principal of the trust estate as and ·/hen the same is distributed free from trust.

The St. Louis Union Trust Company while acting as Co-Trustee shall receive three-fifths (⅗ths) of such compensation, provided, however, that said Trust Company shall in no event receive less than an amount equal to the full five percent (5%) fee on annual gross income of the

trust estate up to Four Thousand Dollars ($4,000.00) and on principal disbursements up to One Hundred Thousand Dollars ($100,000.00) or less than Fifty Dollars ($50.00) per year as its minimum compensation. If the St. Louis Union Trust Company shall be entitled to the entire fee as above set out, then the individual Co–Trustees shall receive no compensation.

This litigation was commenced by Boatmen's filing a petition in the Circuit Court of the City of St. Louis seeking instructions regarding distribution of the trustee's fee. Sugden, Slaton, and the grandchildren were named as defendants.

Sugden answered Boatmen's petition and claimed that she was entitled to the two-fifths of the co-trustee's fees as Tyler's successor trustee. The grandchildren, as beneficiaries, filed an answer, a cross-claim against Sugden, and a counterclaim against Boatmen's, asking the court to construe the trusts and determine a fair and reasonable compensation for the co-trustees. Slaton filed an answer, a counterclaim against Boatmen's, and a cross-claim against Sugden asking the court to determine that the Estate of Julia Tyler was entitled to fees as co-trustees and that the trust limited Boatmen's to $100,000 in fees or fair and reasonable compensation. Slaton's counterclaim against Boatmen's also included a count of breach of fiduciary duty and a count of unjust enrichment.

The parties filed a stipulation of facts and submitted the case to the court on motions for summary judgment. The court ruled that under the fee arrangement, Boatmen's was limited to receiving a maximum of $100,000 in fees for each trust. As a result, Boatmen's was awarded a total of $291,570.78 in fees as trustee. The court also ruled that Sugden was entitled to $1,846,287.56 in fees as co-trustee. The court certified this judgment as final for purposes of appeal pursuant to Rule 74.-01(b), but retained jurisdiction over the two counterclaims of Slaton, breach of fiduciary duty and unjust enrichment, the allowance of prejudgment interest, attorney's fees and expenses.

Boatmen's brought this appeal, and Slaton and the grandchildren filed cross-appeals against Boatmen's and Sugden.

## I.

### Jurisdiction

 The trial court certified its judgment on the distribution of fees as final pursuant to Rule 74.01(b). However, the trial court retained jurisdiction over issues of prejudgment interest, attorney's fees, expenses, and the two counterclaims of Slaton. Defendant Sugden raises the question of whether the trial court could certify a final judgment while reserving questions of attorney's fees, expenses, and prejudgment interest for later determination. Under Rule 74.01(b), a matter may become final and appealable if it could be the subject of a separate judgment. *International Minerals & Chemical Corp. v. Avon Products, Inc.,* 817 S.W.2d 903, 906 (Mo.banc 1991). The decision to enter a partial and appealable judgment under Rule 74.01(b) is in the broad discretion of the trial judge, who is "best equipped to form an informed conclusion as to the most efficient and economical course for the litigation to take." *Id.* We find that the construction of the trust and the distribution of the fees could be the subject of a separate judgment and, thus, the certification of a final and appealable judgment was proper. Accordingly, we have jurisdiction over the appeal in this case.

## II.

### Motions Before This Court

There are two motions pending before this court. Respondent Sugden filed a motion to receive attorney's fees for her expenses in pursuing this appeal. Slaton filed a motion to dismiss point two of Boatmen's argument, which concerns the denial of summary judgment on the unjust enrichment and breach of fiduciary duty claims.

The trial court retained jurisdiction over the issue of attorney's fees in its order. The issue of attorney's fees incurred from this appeal may be addressed by the trial

court when it considers attorney's fees incurred at trial. Sugden's motion is denied.

■ The trial court also retained jurisdiction over Slaton's claims of unjust enrichment and breach of fiduciary duty. In point two of its brief, Boatmen's argues that the trial court erred in denying its motion for summary judgment on these claims. Because these claims remain before the trial court, there has been no final judgment on Slaton's claims. Until there is a judgment disposing of these claims with finality, we are without jurisdiction to entertain an appeal. Section 512.020 RSMo. 1986; *Ganaway v. Shelter Mutual Ins. Co.*, 795 S.W.2d 554, 565 (Mo.App.1990). Slaton's motion to dismiss is granted.

### III.

### Boatmen's Appeal

■ Review of a summary judgment decision is equivalent to a review of a court tried or equity proceeding, and if, as a matter of law, the judgment is sustainable on any theory, the judgment of the trial court must be sustained. *McKim v. Sears Rodeo Assoc., Inc.*, 789 S.W.2d 217, 219 (Mo.App.1990). The reviewing court first determines whether there is any genuine issue of material fact requiring trial, and, second whether the judgment is correct as a matter of law. *Id.* Because the parties stipulated to the facts in this case, there is no issue of material fact requiring trial. We cannot, however, say that the judgment is correct as a matter of law.

■ The issue before us is the construction of virtually identical fee provisions of an express trust and a testamentary trust. The cardinal rule of construction is that the settlor's intent is controlling and that this intent must be ascertained primarily from the trust instrument as a whole. *First National Bank of Kansas City v. Hyde*, 363 S.W.2d 647, 652 (Mo.1962); *Matter of Heisserer*, 797 S.W.2d 864, 871 (Mo. App.1990). We must look to the language used in the instrument, not to the result of the distribution plan. *Estate of McReynolds*, 800 S.W.2d 798, 800 (Mo.App.1990). We are precluded from making what may

seem to be a more equitable distribution than that which is expressly provided for in the instrument. *Id.*

■ The three sentences in the fee provisions of both the insurance trust and the testamentary trust are essentially the same. The first sentence provides the trustees shall receive as compensation five percent of the principal distributed from the trust. The second sentence operates to accomplish three things. First, it guarantees that Boatmen's will receive at least $50.00 each year in compensation. Second, it provides for the division of fees between the co-trustees, but, third, it assures that Boatmen's receives a minimum amount before the co-trustee receives any portion of the fee. The third sentence supports the second sentence by providing that the co-trustee shall receive nothing if the distribution is inadequate to provide the minimum fee authorized for Boatmen's.

The trial court construed the language "... that said Trust Company shall in no event receive less than an amount equal to the full five percent (5%) fee ... on principal disbursements up to One Hundred Thousand Dollars ($100,000) ..." to mean Boatmen's could receive no more than $100,000 in fees for a principal disbursement. This construction subverts the explicit language of the instruments. The provisions establish not a maximum, but a minimum fee with five percent of principal distributions of $100,000 or less to be paid to Boatmen's before the co-trustee is entitled to any compensation. Under the trial court's construction of the language, the first sentence, establishing a fee of five percent of the distribution, is contradicted by the second sentence, limiting Boatmen's fee to $100,000. This violates the basic rule of construction which requires the court to give meaning to the entire instrument, avoiding repugnancies, if possible, and adopting a construction which reconciles rather than creates inconsistencies. *Commerce Trust Co. v. Starling*, 393 S.W.2d 489, 494 (Mo.1965); *St. Louis Union Trust Co. v. Clarke*, 352 Mo. 518, 178 S.W.2d 359, 363 (1944) (en banc); *Marvin F. Hall Trust v. Hall*, 810 S.W.2d 710, 714

(Mo.App.1991). As stated long ago by the Missouri Supreme Court:

> "It is our task here to find the general purpose of the testator, to reconcile and coordinate provisions which may appear to be in conflict where such reconciliation and coordination can reasonably be made consistent with the general purpose, and, if the testator was confused in the expression of his desires, to pierce through such confusion and reduce to articulate terms the underlying intent."

*Coleman v. Haworth*, 320 Mo. 852, 8 S.W.2d 931, 932–33 (1928).

By creating a non-existent inconsistency between the first and second sentences of the compensation provisions, the trial court also violated what has been referred to as the "last antecedent rule" which instructs that: "relative and qualifying words, phrases, or clauses are to be applied to the words or phrase immediately preceding and are not to be construed as extending to or including others more remote." *Rothschild v. State Tax Comm. of Mo.*, 762 S.W.2d 35, 37 (Mo.banc 1988).

The phrase "up to $100,000" clearly modifies the words "principal disbursement" which immediately precede the phrase, not the more remote word "fee".

Reading the compensation provision in its entirety, the language clearly demonstrates the settlor's intent to pay five percent of the principal when distributed free from trust, to be divided three-fifths to Boatmen's and two-fifths to Sugden. The remaining provisions do not become operative except in the event of a distribution of principal in an amount less than $100,000, an event which did not occur.

Both Slaton and the grandchildren argue that the fee provisions are ambiguous. We disagree. Whether an ambiguity exists is a question of law for the trial court, and an appellate court may appropriately make its own determination of the issue. *Naylor v. Koeppe*, 686 S.W.2d 47, 49 (Mo.App.1985). In a will or trust, a patent ambiguity occurs when the duplicity, indistinctness, or uncertainty of meaning appears on the face of the instrument being considered. *Schupbach v. Schup-*

*bach*, 760 S.W.2d 918, 923 (Mo.App.1988). The mere fact the parties disagree upon the interpretation of a document does not render it ambiguous. *Jim Carlson Const., Inc. v. Bailey*, 769 S.W.2d 480, 482 (Mo. App.1989).

Slaton and the grandchildren also urge us to limit the co-trustees to a reasonable amount of compensation. They argue that neither Boatmen's nor Sugden did anything to justify earning the fees they are entitled to receive. Our ruling on this point is limited solely to the determination of the fee provisions in the trust instruments and does not apply to the counts of breach of fiduciary duty or unjust enrichment, which are not before us in this appeal. Upon the death of Tyler, the job of the co-trustees was to wind up the trust affairs and distribute the principal. Whether we believe the co-trustees are entitled to the fees they receive upon a distribution is irrelevant. We must adhere to the clear language contained in the trust instruments and not alter our position because of the result that occurs. We will not attempt to make a more equitable distribution of the fees. *See, Boone County National Bank v. Edson*, 760 S.W.2d 108, 111 (Mo.banc 1988).

## CONCLUSION

We affirm that part of the trial court's judgment which found that Margaret Sample Sugden is entitled to compensation of two-fifths of five percent of the principal distributed for her services as co-trustee. We reverse that part of the judgment which found that Boatmen's was limited to a maximum of $100,000.00 in compensation, and hold that Boatmen's is entitled to compensation of three-fifths of five percent of the principal distributed. We remand this case to the trial court for further proceedings consistent with this opinion.

SMITH, P.J., and SATZ, J., concur.