**Mary Ann Sherrill ITTNER, et al., Plaintiffs/Appellants,**

v.

**UNITED MISSOURI BANK OF ST. LOUIS, N.A., et al., Defendants/Respondents.**

No. 69146.

Missouri Court of Appeals, Eastern District, Division Three.

June 11, 1996.

Jerome T. Bollato, Bartley, Goffstein, Bollato & Lange, Clayton, for appellants.

Jonathan Igo, Armstrong, Teasdale, Schlafly & Davis, Clayton and Frank D. Keefe, Keefe & Baureis, P.C., Ellisville, for respondents.

GERALD M. SMITH, Presiding Judge.

Plaintiffs appeal the denial of their petition to terminate a testamentary trust and the court's action in amending the trust termination clause. We affirm.

In 1931, Fred A. Banister (testator) executed his will in which he created the trust in issue. He and his wife Nonie, had two children, Marian Banister Sherrill and Edward M. Banister, Sr. When the will was executed they also had two living grandchildren, Mary Ann Sherrill (subsequently Ittner), daughter of Marian Banister Sherrill, and Edward M. Banister, Jr., son of Edward M. Banister, Sr.

Testator died in 1932; his wife died 15 minutes later from shock upon learning of her husband's death. Edward M. Banister, Sr. died in 1940 leaving two children, Edward Jr. and Henry W. Banister, who died in 1973. Edward Jr. has three living children: Edward III, Leslie and Clayton. Henry left surviving two children, Brook and Jane, who with Mary Ann Sherrill are plaintiffs.

Testator's daughter, Marian, died in 1982 leaving one daughter, Mary Ann Sherrill, and three now living grandchildren, Patrick Bellinger, Rianna Erker, Antoinette Erker Chapman. Another grandchild, Sherry Bellinger, is deceased. Defendants are the current trustee bank and the descendants of testator who are not plaintiffs.

In the will, testator established a residuary trust with his children and brother as trustees. Basically the trust is to provide income one-third to Nonie, and the remainder to his children. Upon Nonie's death the income is to be distributed one-half each to his children. In the event of his children's death there are provisions for distribution of income to their descendants living at the time of distribution. Currently receiving income are plaintiff Mary Ann Sherrill, Edward Jr., and plaintiffs Brook and Jane Banister, per stirpes through their deceased father.

The provision which gives rise to this litigation is Nine (A) which provides:

(A) This trust shall continue until the expiration of a period of three (3) years after the death *of the last to survive of my wife,* who shall be living at the time of my death, and shall thereupon terminate; or shall terminate prior thereto in the event of and upon the death of the last to survive of my wife, Nonie, and all of my descendants.

Upon the termination of the trust as hereinabove provided, the principal then remaining in the trust estate and any net income thereon accrued or then on hand shall be transferred and conveyed free of trust, per stirpes, to my descendants, if any; otherwise, per stirpes to such persons, and in such amounts to such persons, as would receive the same had I then died intestate a resident of the State of Missouri, and possessed of said property. (Emphasis added)

The language at issue is the phrase "the last to survive of my wife" in the first paragraph. The issue presented is who must die in order for the trust to terminate three years later. There are three possibilities: (1) Nonie only, (2) Nonie and testator's living children, or (3) Nonie and testator's descendants living at his death. The trial court

found it was testator's intent that the trust terminate pursuant to alternative (3). It therefore amended the clause by adding the words "or my descendants," between "wife" and "who".

Plaintiffs contend that the termination provision invokes alternative (2) and therefore the trust terminated in 1985, three years after the death of Marian, testator's last surviving child. Defendants contend the court correctly found the testator's intent and the trust will not end until three years after the death of Mary Ann Sherrill and Edward Jr.

■ In construing clauses of a will the court is guided by certain maxims of will construction. First and foremost is the intention of the testator. *Royston v. Watts,* 842 S.W.2d 876 (Mo.App.1992)[3–8]. If that intention is plain and unambiguous it governs unless contrary to law. *In re Estate of Stengel v. Southard,* 557 S.W.2d 255 (Mo.App. 1977)[5–8]. If, however, a will is read from the four corners and there remains doubt as to what the testator intended, resort may be made to rules of construction to aid in determining the intention of the testator. *Id.* The court must look to the language used within the entire instrument, not to the result of the distribution plan, to determine if an ambiguity exists. *Boone County National Bank v. Edson,* 760 S.W.2d 108 (Mo.banc 1988)[1–3].

■ Whether an ambiguity exists is a question of law upon which we may properly make our own determination. *Boatmen's Trust Company v. Sugden,* 827 S.W.2d 249 (Mo.App.1992)[9–11]; *In re Estate of Beare,* 880 S.W.2d 562 (Mo.App.1994)[1–3]. A patent ambiguity occurs when the duplicity, indistinctness, or uncertainty of meaning appears on the face of the instrument being considered. *Boatmen's, supra.* An ambiguity is "patent" if it is apparent to a person who reads the entire will with care. *Friedman v. Marshall,* 876 S.W.2d 745 (Mo.App. 1994)[5,6].

Plaintiffs contend that the phrase in controversy is not ambiguous, and clearly refers to the last to survive of testator's wife and children. Our careful reading of the entire will does not lead us to that conclusion. From the four corners of the document it is equally plausible that testator was referring to the last to survive of testator's wife and descendants. Plaintiffs' contention is based upon their interpretation of the word "of" as connoting the origin of the people who must survive i.e. the children *of* Nonie. If the words utilized were intended to identify the children of testator it would appear logical to utilize "my children" or "our children" rather than the children of his wife where no children of wife existed other than testator's children. We think it at least equally plausible that "of" was intended to identify alternative persons required to die to terminate the trust. "Last" obviously connotes more than one so the death of Nonie alone could not be the intended termination cause, and further would be inconsistent with the subsequent termination provision requiring death of Nonie and all descendants for early termination. We find no error in the trial court's finding that the termination clause is ambiguous.

■ It is apparent from a number of provisions of the will that the testator intended to provide for his grandchildren in the event of the death of their parents. It is not uncommon for testators to desire the trust to continue through more than one generation and to utilize the lives of living grandchildren or even great grandchildren, i.e. descendants, to extend the length of the trust without running afoul of the rule against perpetuities. It is not unreasonable, or inconsistent with the will as a whole, to conclude that the testator intended the termination to be triggered by the death of the last of his descendants living at his death.

■ Where the construction given an instrument by the trial court appears to be reasonable and consistent with the intent of the testator as expressed in the instrument as a whole, we should not substitute another interpretation therefor, even though it might be equally tenable. *In re Estate of Stengel, supra* at [10].

Judgment affirmed.

GARY M. GAERTNER and RHODES RUSSELL, JJ., concur.